UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Seth Muth,                                                                          Civil No. 08-6513 (DWF/FLN)

        Petitioner,

    v.                                                                                    **REPORT AND RECOMMENDATION**

Dwight L. Fondren, Warden,

        Respondent.

_____

Katherine Menendez, for Petitioner.
Ana Voss, Assistant United States Attorney, for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Mr. Muth's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1]. Respondent filed a Motion to Dismiss the Petition [#9]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Mr. Muth's Petition [#1] be transferred to the District of Montana and the Government's Motion to Dismiss [#9] be denied.

## I. BACKGROUND

Petitioner Seth Muth is currently imprisoned at the Sandstone Federal Correction Institute in Sandstone, Minnesota ("FCI Sandstone"). He is serving a 120-month sentence imposed by the United States District Court for the District of Montana (Billings) after pleading guilty to possession of over 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and using or carrying

-1-

a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). (Villareal Decl. Attach. 2 at 1.) Petitioner has a projected release date of August 26, 2016, via good conduct time release. (Villareal Decl. Attach. 1 at 1.)

On August 6, 2003, Petitioner entered a plea of guilty to the charges under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c) as part of a plea agreement. (Villareal Dec. Attach. 3 at 5.) The plea agreement was signed and initialed by Petitioner, Petitioner's counsel Mark Werner, and Assistant United States Attorney James E. Seykora. Paragraph 6 states, in part, that on or about July 24, 2001: "Seth Muth exchanged the Norinco firearm for approximately 1.5 grams of methamphetamine, in violation of 18 U.S.C. § 924(c)(1)." Paragraph 7 states, in part, that on or about July 24, 2001: "Defendant Muth…distributed approximately 1.5 grams of methamphetamine to Joe Michael and in exchange, Joe Michael gave him a Norinco SKS semi-automatic assault weapon, serial number 24000003." (Plea Agreement, ¶ 7.) At the change of plea hearing, Petitioner asked to change and correct the facts of the plea agreement, stating that: "The facts are actually that Joe Michael delivered the methamphetamine to me in exchange for the rifle. I delivered the rifle to him." (Change of Plea Trans. 15:12-15:15.)

On December 10, 2007, the Supreme Court decided *Watson v. United States*, 552 U.S. 74, 81 (2007), holding that the receipt of a firearm as part of a drug transaction did not constitute "use" under 18 U.S.C. § 924(c)(1)(A).

## II.  LEGAL ANALYSIS

### A.    Petitioner Brought His Claim Under the Wrong Statute.

Muth brought his Petition under 28 U.S.C. § 2241 in the District of Minnesota. He should have however filed his claim under 28 U.S.C. § 2255 in the District of Montana.

A federal prisoner's "claim attacking the validity of a guilty plea, and therefore the underlying sentence is properly entertained in a § 2255 petition before the sentencing court." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). "On the other hand, a claim attacking the *execution* of that sentence should be brought in a § 2241 petition in the jurisdiction of incarceration." *Id.* (emphasis added).

In this case, Muth challenged the validity of his guilty plea and the resulting sentence and therefore his claim should have been brought in a § 2255 petition in the District of Montana where he was sentenced. Mr. Muth claims that the time he is serving for pleading guilty to using a firearm in a drug transaction should be vacated because the Supreme Court's interpretation of the statute has changed since he was sentenced. In *Watson v. United States*, the Supreme Court held that the *receipt* of a handgun in a drug transaction does not constitute "use" of a handgun under 18 U.S.C. § 924 (c) and is therefore not a violation of the statute. 552 U.S. at 81. "Use" of a firearm does however include *giving* a firearm in exchange for drugs. Muth claims that because he received the handgun in the drug transaction at issue, he should not have to serve the time he was sentenced for violating 18 U.S.C. § 924(c). Such a claim should have been brought under § 2255.

Petitioner argues his petition was properly brought under § 2241 in the District of Minnesota because § 2255 was inadequate or ineffective to test the legality of his detention.[1] (Pet. at 2.) The law presumes § 2255 is adequate and effective when a petitioner provides no

---

[1] § 2255(e) provides that: "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

evidence to the contrary. *Hill v. Morrison*, 349 F.3d 1089 at 1091. (8th Cir. 2003).  Petitioner contends that the Ninth Circuit's holding in *United States v. Lorentsen*, 106 F.3d 278 at 297 (9th Cir. 1997) stands for the proposition that "untimely or successive § 2255 petitions cannot raise challenges based on new rules of statutory interpretation" and therefore he is entitled to bring his claim under § 2241. (Resp. at 5.)  Petitioner is correct in claiming that *Lorensten* stands for the proposition that *successive* § 2255 petitions cannot raise challenges based on new rules of statutory interpretation.  Indeed § 2255(h) of the statute provides that a second or successive motion is only allowed to be heard where the petitioner is claiming either: (1) that there has been newly discovered evidence; or (2) there has been a new rule of constitutional law that was previously unavailable.

Petitioner is however incorrect in claiming that *Lorensten* stands for the proposition that an untimely filed *initial* § 2255 petition is inadequate or ineffective to challenge a new rule of statutory interpretation such that petitioner may instead lodge the claim under § 2241.  Under § 2255(a), a prisoner may challenge his conviction on the basis that it was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law."  Here, Petitioner argues that his sentence was imposed in violation of the laws of the United States specifically 28 U.S.C. § 924(c)(1)(A).  § 2255 is therefore an adequate and effective remedy to initially challenge a new rule of statutory interpretation.

Petitioner also contends that § 2255 is not an adequate or effective remedy because the statute of limitations has run.  This argument has been rejected by the Eighth Circuit.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) ("2255 is not an inadequate or ineffective remedy .

-4-

. . because a remedy under that section is time-barred.")

### B. Petitioner May be Entitled to Relief Under 28 U.S.C. § 2255 Even Though the Statute of Limitations Has Run.

The facts as alleged in Petitioner's pleading and found in the plea agreement establish a potential basis for relief under § 2255. Even though the statute of limitations appears to have run on Muth's § 2255 claim, a court could find that the statute of limitations should be equitably tolled.

Under § 2255, a prisoner can obtain relief from a sentence imposed by a federal court that is contrary to the law. 28 U.S.C. § 2255(a). The statute of limitations for such a claim is one year and begins on "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). A court must consider claims that are procedurally defaulted if the petitioner demonstrates a claim of "actual innocence." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citing *Murray v. Carter*, 477 U.S. 478, 496 (1986)). If the petitioner demonstrates a claim of actual innocence, "the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy . . . ." *Id.* at 624.

Petitioner's claim appears to be time-barred because he did not file his claim within one year of the Supreme Court's decision in *Watson*. The Supreme Court decided *Watson* on December 10, 2007 and therefore Muth was required to file his Petition on or before December 10, 2008. Muth did not file his petition until December 31, 2008. However, because the plea agreement, as drafted, is subject to the interpretation that Muth received the firearm in the drug transaction, a court could conclude he is actually innocent of "using" a firearm in a drug transaction under 18 U.S.C. § 924, as the Supreme Court interpreted the statute in *Watson*,

thereby allowing him to proceed on his procedurally defaulted claim. *Bousley*, 523 U.S. at 622.

The language of the plea agreement is subject to the interpretation that Muth received the gun in the drug transaction. Paragraph 6 of the plea agreement states that on July 24, 2001: "Seth Muth exchanged the Norinco firearm for approximately 1.5 grams of methamphetamine, in violation of 18 U.S.C. § 924(c)(1)." Paragraph 7, titled "Offer of Proof," states: "Defendant Muth acknowledges that on or about July 24, 2001, he distributed approximately 1.5 grams of methamphetamine to Joe Michael and in exchange, Joe Michael gave him a Norinco S.S. semi-automatic assault weapon . . ." In the statement from Paragraph 6, it is not entirely clear who ended up with which object in the exchange. In light of the very clear language in Paragraph 7 stating that Muth received a gun from Joe Michael, Paragraph 6 could reasonably be interpreted to have the same meaning. At the least, the language in paragraphs 6 and 7 is contradictory, thereby rendering it impossible to determine from the face of the agreement whether Petitioner gave or received the gun. Petitioner should therefore be allowed to assert a claim of actual innocence.

The Government contends that Muth cannot claim he is actually innocent of the crime charged because he admitted he was guilty at the change of plea hearing held on August 6, 2003. At that hearing, according to the transcript provided by the Government, Mr. Muth stated: "[t]he facts are actually that Joe Michael delivered the methamphetamine to me in exchange for the rifle." (Villareal Decl. Attach. 6 at 15:12-15.) This statement cannot however be used at this stage in the litigation. Federal Rule of Criminal Procedure 11(f) provides that "[t]he admissibility of a plea, a plea discussion and any related statement is governed by Federal Rule of Evidence 410." Federal Rule of Evidence 410 provides that: "any statement made in the

course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure" is not admissible in any civil proceeding against the Defendant who made the plea.

Nevertheless, in a case such as this where Petitioner is asserting actual innocence in a procedurally defaulted § 2255 claim, the Government must be allowed to present additional evidence regarding Petitioner's alleged guilt.  *See Bousley*, 523 U.S. at 624.  The Government should have the opportunity to do so in the District of Montana.

### C.    This Petition Must be Transferred to the District of Montana.

The Eighth Circuit has recognized the propriety of construing a § 2241 petition as a § 2255 claim.  *Rossbach v. United States*, 878 F.2d 1088, 1088 n.2 (8th Cir. 1989).  It has further recognized the propriety of transferring such a claim to the judge who presided over the prisoner's trial and sentencing.  *Id.*  (citing Rule 4 of the Rules Governing § 2255 Proceedings which provides that a § 2255 petition should be considered by the sentencing judge).  Mr. Muth's claim should therefore be transferred to United States District Judge Jack D. Shanstrom in the District of Montana.

### III.  RECOMMENDATION

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus be **TRANSFERRED to United States District Judge Jack D. Shanstrom in the District of Montana**.   Rule 4 of the Rules Governing § 2255 Proceedings provides that if Judge Shanstrom is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

Based on the files, records and proceedings herein, it is **HEREBY RECOMMENDED** that the Government's Motion to Dismiss [#9] be **DENIED**.

DATED: 09-07-09                                      s/Franklin L. Noel
                                                                         FRANKLIN L. NOEL
                                                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 23, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.